## No. X.

### WINFRIED V. YATES.

#### (See Note 4.)

*Motion to reverse.*

SHELBY, JUSTICE.—Reasons for reversal: 1. Because the court should have sustained the demurrer. There was no tenable ground assumed to sustain this reason.

2. Because there is no judgment either sustaining or annulling the demurer. The court is of opinion that no such judgment was necessary;

**Note 3.**—Soy v. McMullen, p. 363.

An appeal does not lie from an interlocutory decree or judgment, nor from a judgment that does not settle all the issues as to all of the parties.

it being a proceeding in equity, and submitted to the court, it was not necessary that the record should show as much particularity in disposing of a demurrer, in our system, when acting in pursuance of the civil law, as when governed by the common law; as the former is governed by rules of equity.

3. Reason assigned in support of the motion is that plea was withdrawn, and there was no issue joined. This we believe was not necessary, because it is conceded that our system and method of proceedings in court by petition and answer does not require issue to be joined; but the parties may proceed without issue joined, and may agree to submit the matter to the court upon the statement in the petition alone; and this we consider virtually the case in this instance, as the record shows the withdrawal of plea by the counsel of defendant below and submission to the court, which we believe was in effect a waiver of any informality in pleading or proceeding. We are therefore of opinion that the reasons aforesaid by the counsel of appellant assigned, as above set forth, be overruled, and that the judgment below be affirmed against appellant and his securities in appeal bond for the debt, interest and costs, together with 10 per cent damages besides interest and costs since the appeal (See 3 Cranch, 320, and Peters' Condensed Reports of Supreme Court, United States), where the distinction is drawn between courts of equity and common law. In that case it is said, "In cases of equity, or admiralty jurisdiction removed to this court, accompanied with a statement of facts, but without the evidence, the statement is conclusive as to all the facts it contains." Let the judgment be affirmed as aforesaid.

*Affirmed.*

Chief Justice Rusk and Judges Hemphill and Mills say: "In concurring with Judge Shelby, we mean *only* to concur in the affirmance of the judgment in the court below, and not in what is said upon the subject of courts of equity, pleading and issue."

## No. X.

### C. R. PATTON ET AL. v. ROBERT MILLS & Co.

*Motion to affirm.*

SHELBY, JUSTICE.—In looking into the record in this case we can see no doubt of the right of the appellees here to recover the amount of their debt, damages and costs in the court below. Here the opinion of this court might stop and order an affirmance. But as a different prac-

Soy v. McMullen, Dal., 363; Andrews v. Andrews, Dal., 427; Robinson v. Bailleul, 2 T., 160; Ewing v. Kinnard, 2 T., 163; Gross v. McClaran, 8 T., 341; Hicks v. Gray, 25 T., 82; Martin v. Crow, 28 T., 613; Simpson v. Bennett, 42 T., 241; Taylor v. Fore, 42 T., 256; Rodrigues v. Trevino, 54 T., 198; Linn v. Arambould, 55 T., 611; Whitaker v. Gee, 61 T., 217; Bradford v. Taylor, 64 T., 169; Wootters v. Kauffman, 67 T., 488; Lumber Co. v. Williams, 71 T., 444; Mignon v. Brinson, 74 T., 18; M. P. Ry. Co. v. Scott, 78 T., 360; Darnell v.

tice has been contended for during the present term in some cases, and named in this, we consider it incumbent upon the court to place the subject at rest, so far as relates to the duties of parties in bringing up the transcript of the record. It has been contended that it was the duty of the appellee to see that the record was brought up in proper form, so as to enable this court to proceed to judgment. This position is considered untenable altogether. The sixteenth section of the Supreme Court law says, that the clerk of the court below shall transmit a certified copy of the bond given by the appellant, or plaintiff in the appeal, with a transcript of the record in the cause, to the Supreme Court, and in case the judgment or decree below be affirmed, or the appellant fail to prosecute the same to effect; evidently making the failure to prosecute on the part of the appellant equivalent to an affirmance of the judgment, and clearly vested the power in the court upon application to affirm. If this was not the rule, it would evidently enable the appellant to take an advantage of his own wrong or laches, which the law, or the courts in pronouncing the law, always most strenuously avoid, or if this construction as contended for by appellant's counsel obtain, the appellant would always fail to have his cause properly prepared for adjudication here, where his object was delay; in that event nothing would be necessary for him to do than to come into this court and suggest a diminution of the record, apply for a certiorari, obtain the same, and thereby gain the time, which was his sole object. We believe a verdict of the jury and judgment of a court below should never be interfered with by this court, unless injustice is done in that verdict and judgment. It has been contended by appellant's counsel that there was no evidence in this case substantiating the note on which this action was founded. It is true there is no evidence substantiating the note, other than that appearing on its own face. This is considered sufficient, or at least presumptive and prima facie evidence until the contrary is shown.

This case in the court below was submitted by consent of parties to the court, waiving the right of a trial by jury, thereby making him chancellor, or sole judge of the law and the facts; and his conscience must have been satisfied before he rendered the judgment which appears on the face of the transcript.

In decrees of equity where the testimony is in pais, it is usual to embody the material facts in such decrees, but where the facts are matter of record it is not usual or necessary to state the grounds of the decree in its face; and as the execution of this note in this case must have been proved to satisfy the court below, we are not disposed to trouble the decision, but affirm the judgment below with damages and costs.

*Affirmed.*

---

Lyon, 85 T., 455, 465; Land Co. v. Winter, 93 T., 560; R. R. Commission v. Weld v. Neville, 95 T., 278 (overruling R. R. Commission v. Weld & Neville (T. C. A.), U. R. C., 1902); Mills v. Paul, 1 T. C. A., 419; Mills v. Paul, 4 T. C. A., 503; State Nat. Bank v. Waxahachie Nat. Bank, 14 T. C. A., 143; Davis v. Martin, 15 T. C. A., 62; Walker v. Mears, 28 T. C. A., 210; Lay v. Bellinger, 1 App. C., sec. 24; Giersa v. Yocum, 1 App. C., sec. 310; Stephenson v. Ten-

No. XI.

### BOARD OF LAND COMMISSIONERS OF MILAM COUNTY V. WILLIAM W. BELL.

(See Note 5.)

*Appeal from Milam County.*

RUSK, CHIEF JUSTICE.—This cause came up upon appeal from the District Court of Milam County. The facts stated in the transcript of the record show that Bell applied to the board of land commissioners of that county claiming a certificate for one league and one labor of land as his headright. It is in proof that he was the head of a family, and that he emigrated to Texas on the ——— day of October, 1836. The board refused to grant him a certificate for the quantity of land claimed; from which decision Bell appealed to the district court. The facts as stated were admitted and the cause submitted to the court, who determined that Bell was entitled to a league and labor of land, and awarded a peremptory mandamus against the said board of land commissioners, commanding them to issue to Bell a certificate for the same. From this decision an appeal was taken to this court.

The questions which present themselves are: First. Did the district court err in awarding the mandamus? Second. Is Bell entitled to a league and labor of land by law?

It is clear that a mandamus will not issue where the party has another legal and specific remedy. Where there is a judicial discretion vested in an inferior tribunal, it can not issue to control its judgment. It may issue commanding such tribunal to proceed to judgment, but can not direct what judgment shall be given. In this case, however, the mandamus seems to have had no other object than to order the board to issue a certificate, not upon its own, but upon the judgment of the court, which we hold to be competent; but a peremptory mandamus should not have issued until the board of land commissioners had refused to carry out the judgment of the court.

Upon the second question, whether Bell was entitled by law to a certificate for a league and labor of land, it has been contended by his counsel that the colonization law of Coahuila and Texas was in force until repealed by the passage of the land law by the Congress of Texas; that the laws of the Consultation declared them in existence; that the Constitution ratifies the laws of the Consultation, etc.

---

nant, 1 App. C., sec. 543; Wheeler v. Davis, 3 App. C., sec. 13; Carswell v. Crowther, 4 App. C., sec. 153; White v. Smith, 4 App. C., sec. 225; Wadley v. Johnson, 2 U. C., 739; Masterson v. Williams (T. Sup.), U. R. C., 1889; Frank v. Tatum (T. C. A.), U. R. C., 1892; Burch v. Burch (T. C. A.), U. R. C., 1894; Burrows v. Cox (T. C. A.), U. R. C., 1896; Davis v. Martin (T. C. A.), U. R. C., 1896. In such cases, appellate court will dismiss the appeal on its own motion. Messner v. Lewis, 17 T., 519; Holek v. Varona, 63 T., 65. When one of the defendants dies before trial, it will be presumed in favor of finality that the case was dismissed as to him. Smith

The Attorney-General contended that the adoption of the Constitu-ion was a repeal of the colonization laws; that the Consultation having declared themselves a part of the Mexican Republic had no right to pass laws disposing of the public domain.

It is unnecessary for the court in this case to decide upon the validity of the laws of the Consultation, or what force and effect they should have, as the fifteenth article of the plan and powers of the Provisional Govern-ment, which is relied upon by the counsel for Bell, refers to laws that then existed; and if it be found that the colonization law has been re-pealed, then it follows that no rights were conferred by that article. The Decree No. 190, of the Congress of Coahuila and Texas, passed 28th April, 1832, section 38, repeals the colonization law of March, 1825, and substituted another colonization law, changing the conditions and reduc-ing the quantity of land allowed to half a league, and this only upon con-dition that the head of the family should have at least one hundred head of cattle and horses, or six hundred head of smaller stock—stating, how-ever, that no change should be made with respect to contracts which the executive had ratified, etc. By Decree No. 272, of the Congress of Coa-huila and Texas, article 29, passed 26th March, 1834, this law was also repealed except so far as related to empressarios and other contracts in existence.

By Decree No. 309 it was declared that all families then residing in Texas should be entitled to the portions of lands designated by the colo-nization law of 1825, provided they possessed the qualifications required by that law.

It is clear, then, that at the date of the declaration of independence the colonization laws were not of force, except so far as related to con-tracts in existence, or to families who had arrived previous to the 2d of May, 1835.

The Constitution declares that all persons who resided in Texas on the day of the declaration of independence should be entitled to land in the proportions therein stated, but made no provision for allowing portions of lands as headrights to any who should arrive afterwards.

By the twenty-fourth section of an act passed by the Congress of Texas on the 22d December, 1836, it is declared that every emigrant who arrives in this Republic from and after the first day of January (then) next, and who was the head of a family, should be entitled to a condi-tional grant of twelve hundred and eighty acres of land. By this law those who arrived in Texas after the date of the declaration of independ-

v. Wilson, 18 T. C. A., 24. Appellate court may revise an interlocutory order of lower court refusing to proceed with the cause, and correct errors by mandamus. Kleiber v. McManus, 66 T., 48; Schultze v. McLeary, 73 T., 92; Grigsby v. Bowles, 79 T., 138; Fannin County v. Hightower, 9 T. C. A., 293; Schintz v. Morris, 13 T. C. A., 580. After final judgment, interlocutory may be revised on appeal. Gross v. McClaran, 8 T., 341; Stewart v. Jones, 9 T., 469; Stewart v. State, 42 T., 242; Holek v. Varona, 63 T., 65; O'Neal v. Bank, 64 T., 644; Fort Worth Ry. Co. v. Rosedale Ry. Co., 68 T., 163. Act of November 1, 1871 (Gammel's Laws of Texas, vol. 7, p. 17), authorizing ap-peals from interlocutory judgments, held void. Ward v. Ward, 37 T., 389;

ence and before the first day of January succeeding, were not provided for.

This law, it will be recollected, never went into operation as contemplated when it was passed, but was superseded and repealed by another law of Congress, passed 14th December, 1837. By the twenty-ninth section of the latter law it is declared that every volunteer who arrived in this Republic after the 2d of March, 1836, and before the first day of August, 1836, and had received, or might receive thereafter an honorable discharge, should receive the quantity of land which by that act was secured to original colonists. In the same section it is also enacted that every person who had arrived in Texas after the declaration of independence, and previous to the first of October, 1837, if the head of a family, etc., should be entitled to a conditional grant of twelve hundred and eighty acres of land. It is not contended that Bell had received an honorable discharge, or that he had even arrived here previous to the first of August, 1836.

From a view of all the laws upon the subject, we are of opinion that the appellee Bell was not entitled to more than a conditional grant of twelve hundred and eighty acres of land.

It is therefore ordered that the judgment of the court below be reversed and the cause remanded, in order that the appellee may obtain his certificate for the twelve hundred and eighty acres of land according to law.

*Reversed and remanded.*

JONES, JUSTICE.—I concur fully with the court that the appellee in this case is only entitled to twelve hundred and eighty acres of land. It appears to me to be unnecessary to step behind the declaration of independence to render the reasons for this judgment. As soon as our separation from Mexico took place, all the vacant domain belonging to that government became the property of the people of Texas, not individually, but as a nation. Vattel's Law of Nations lays down the doctrine (which has never been doubted), where a country is conquered, the vacant lands become the property of the nation in general and excludes all rights of individuals not previously acquired. He adds further that the nation, being the sole mistress of the property in its possession, after revolution and the establishment of a new government, may dispose of it as she thinks proper. I do not quote literally. The principle then being settled

City of Paris v. Mason, 37 T., 447; Dial v. Collins, 40 T., 367. Nor from an order overruling motion for new trial, nor until after final conviction. Shannon v. State, 7 T., 492; Lawrence v. State, 14 T., 432; Burrell v. State, 16 T., 147; O'Connell v. State, 18 T., 343; Calvin v. State, 23 T., 577; Nathan v. State, 28 T., 326; Dooly v. State, 33 T., 712; Murray v. State, 35 T., 472; Fulcher v. State, 38 T., 505 (overruling Nelson v. State, 32 T., 71; Hoppe v. State, 32 T., 388); Mayfield v. State, 40 T., 289; Anschincks v. State, 43 T., 587; Young v. State, 1 T. App., 65; Smith v. State, 1 T. App., 408; Butler v. State, 1 T. App., 638; Choate v. State, 2 T. App., 302; Butler v. State, 2 T. App., 529; Robinson v. State, 3 T. App., 47; Labaite v. State, 4 T. App., 169; Pennington v. State, 11 T. App., 281; Darnell v. State, 24 T. App., 6. In the following instances, judgments are not final and can not be appealed from. (a) Only for costs. Hanks v. Thompson, 5 T., 6; Warren v. Shuman, 5 T.,

that the nation or the government which separates from another nation or government, succeeds to all the vacant domain within its limits, the doctrine is equally clear that she can dispose of it as she pleases. Although revolutions do not divest vested rights, yet such an alteration in government as changes its past political relations operates as a repeal of all laws previously existing, so far as they may be construed to impart rights emanating from the government after revolution. The declaration of independence established a sovereignty of Texas and gave the government entire control over its vacant domain. The tenth section of the general provisions of the Constitution allots to all colonists then in the country, who had not received donations of land, their defined quantities. The claimant in the present case was not then in the Republic. The law of December, 1836, looked to those who *should* come into the country after the first day of January, 1837, and did not provide for those who emigrated between the date of the declaration of independence and the first day of January, 1837. The law of the 14th December, 1837, offered the first relief which was made for the emigrants, omitted by the statute of the 22d December, 1836, in the following terms: "Every person who has arrived in this Republic since the declaration of independence, and previous to the first day of October, 1837, who is a free white person and the head of a family, and who actually resides within the government with his family, shall be entitled to a conditional grant of 1280 acres of land, by paying the fees of office and surveying." It is under this law that the appellee must claim.

## No. XII.

### HARVEY, MARY ET AL. V. JNO. T. PATTERSON ET AL.

*Motion to dismiss.*

HEMPHILL, JUSTICE.—This cause came up for argument on a motion to dismiss the appeal on the following grounds, viz:

First. There was no notice of appeal in the cause given either to the defendants or their counsel.

Second. Because there is no appeal bond filed in this court or in the court below.

It seems that the appellants are persons of color, and after the decision of this case in the court below, it appears from the statement of the counsel of the appellants, though not certified in the record, that Mary, one of the plaintiffs, offered in open court and before the clerk thereof, to

441; Scott v. Benton, 6 T., 322; Hancock v. Metz, 7 T., 177; Bradshaw v. Davis, 8 T., 344; Fitzgerald v. Fitzgerald, 21 T., 415; Martin v. Wade, 22 T., 224; Holt v. Wood, 23 T., 474; Green v. Banks, 24 T., 522; Neyland v. White, 25 T., 319; Patterson v. Hall, 30 T., 464; I. & G. N. Ry. Co. v. Smith County, 58 T., 74; Eastham v. Sallis, 60 T., 576; American, etc., Co. v. City of Crockett (T. C. A.), U. R. C., 1899. (b) Overruling motion to quash writs of certiorari and attachment. Messner v. Lewis, 17 T., 519; Hamman v. Lewis, 34 T., 474; Holek v. Varona, 63 T., 65. (c) Quashing writ of sequestration. Little

take an oath that the plaintiffs were too poor to pay the fees, and too friendless and humble to be able to give any bond and security for costs; and that the clerk, under the sanction of the court, refused to receive the said oath. It was contended by appellants' counsel that if the said Mary had been permitted to take the said oath, the plaintiffs would have been entitled, under the twentieth section of an act organizing the district courts, to prosecute their appeal without giving the bond and security required by the fifteenth section of the said act.

It was argued in opposition that the plaintiffs being persons of color were, by the twenty-sixth section of said act, prevented from taking an oath in any case where a white person was concerned; and had the oath been taken, the appellants would not have thereby been exempted from giving the bond and security required by law in cases of appeals. The act in express terms exempts the person taking the oath from being charged with the costs of suit and the fees of counsel, but does not relieve a party appellant from giving the usual appeal bond. This right can not be extended to an appellant under this provision of the statute, unless by a looseness of construction which seems rather the assumption of legislative than the proper exercise of judicial power. The court are of opinion, without examining the other grounds in the case, that the appeal can not be prosecuted, unless the bond and security required by law is given, and it is therefore ordered and decreed that the same be dismissed.

*Dismissed.*

## No. XIII.

### PAMELA MANN v. A. S. THRUSTON.

(See Note 6.)

*Appeal from Harris County.*

JONES, JUSTICE.—The appellant's counsel moved to reverse the judgment of the district court upon the ground of insufficiency of testimony, and that no fact appeared by the record to have been proved upon which the jury could found a verdict. No exceptions seem to have been taken and no cause for error assigned by the appellant's counsel in the district court. It was clearly the *duty* of the appellant to bring up the facts by a bill of exceptions, or otherwise, from the district court, showing that the judgment was rendered upon slight testimony, against evidence, or contrary to law, otherwise the court must regard the verdict as being without attaint. In Davis v. Packard, 7 Peters, 282, it was decided, as it had been in several instances previously, that the Supreme Court "could

v. Morris, 10 T., 263. (d) Quashing indictment. State v. Paschal, 22 T., 584; State v. Thornton, 32 T., 104. (e) Order granting change of venue and order remanding case to court granting it. Wygall v. Treasurer, 33 T., 328; Vance v. Hogue, 35 T., 432. (f) Refusal to enter final judgment on verdict. Lane v. Ellinger, 32 T., 369. (g) Order of justice of peace dismissing suit for want of prosecution. Morgan v. Johnson, 4 T., 117. (h) Order dismissing petition of intervention. Stewart v. State, 42 T., 242. (i) Order granting motion to

look only to the record, to ascertain what was decided in the court below. The only question before the court was, whether the judgment was correct." The record in this case shows no intimation that the appellant was dissatisfied with the judgment, save the simple act of appealing, which was granted as a privilege of right. No objection was made to the evidence, if any was introduced, and if the judgment was permitted to go by default, or upon the statement of the appellee's counsel, the appellant must suffer by her supineness. The defendant in the court below can not come up here to show wrong in the plaintiff, when she was more in error herself. The right to attaint the verdict must be considered as waived by the omission of the plaintiff in error to file her exceptions in the court below at the time of the rendition of the judgment.

The motion is overruled and the judgment affirmed with damages and costs.

*Affirmed.*

## No. XIV.

### A. C. & A. K. ALLEN ET AL. v. THOS. W. WARD.

### A. C. & A. K. ALLEN ET AL. v. THOS. W. WARD.

(See Note 7.)

*Appeal from Harris County.*

HEMPHILL, JUSTICE.—The appeals in the cases above stated were brought up from the District Court for the County of Harrisburg, and depend upon the same state of facts. The appellee in this court (the plaintiff in the court below) recovered judgment against the appellants (who are defendants in the action) in both cases in the county court in January, 1838, from which judgments the defendants appealed to the district court. No statement of facts was sent up with the record; and at the December term of the district court in the same year, a mandamus was issued to the county court to send up the same, which being sent up in the vacation of the county court, and the district judge being of opinion that the same could only be given in at term time, the cause was continued. At the next session of the county court, the said statement was certified to in open court by the chief justice thereof, he being the only member of the court that had tried the cause still remaining in office. At

remove cause to Federal court. Appeal lies from refusal of motion. Rosenfield v. Condict, 44 T., 464; Durham v. Southern L. I. Co., 46 T., 182; Walker v. Howard, 10 T. C. A., 611. (j) Judgment against sureties alone on bail bond, and refusal of judgment on. Moore v. Schooner Anna Maria, 11 T., 655; Cox v. State, 34 T. Cr., 94. (k) Order allowing continuance. Dow v. Hotchkiss, 2 T., 471; Tinsley v. Trimble, 35 T., 425; Taylor v. Fore, 42 T., 256. (l) Granting new trial. Stewart v. Jones, 9 T., 469; Huston v. Starr, 12 T., 424; Goss v. McClaran, 17 T., 107; Dial v. Collins, 40 T., 367; Long v. Garnett, 45 T., 400; Morehead v. I. & G. N. Ry. Co., 46 T., 178; G. C. & S. F. Ry. Co. v. James, 73 T., 12; Hamilton v. Prescott, 73 T., 565; Schintz v. Morris, 13 T. C. A., 580; Hume v. Schintz, 16 T. C. A., 512; Lay v. Ballinger, 1 App. C., sec. 23. (m) Setting aside order discharging guardian. Lehman

the June term of the district court, the judgments in both cases in the county court were affirmed, from which the defendants appealed to this court.

It was contended that the judgments of the district court should be reversed on various grounds; and among others that the statement of facts sent up from the county court was not given at the term of the court when the trial was had; that it was given during a vacation of the said court; that it was not certified to by the whole of the members composing the same at the time of the trial. The provision of our statute (volume 2, page 94) requiring a statement of facts to be sent up to the Court of Appeals, is expressed in the following terms, viz: "That in all cases of appeals to the Supreme Court, the trial shall be on the facts as agreed on, or certified by the judge below," etc. The time at which this agreement between the parties as to the facts, or the certificate given by the judge, is not pointed out. It is not required—as it is by statutory regulations in many countries—that the statement of the facts should become a part of the record, properly so called, and be certified to by the clerk as constituting a portion of the proceedings on the trial below. Whether it would have been wise in Congress to have required the facts to have been made out at the term of the court below, where the trial was had, to have constituted them a portion of the record—a transcript of which might be sent up by the clerk authenticated by his seal of office— it is not now for us to determine. Nor do we decide on the wisdom of the rule which suffers the parties or the judge to furnish a statement of facts at any time before the docketing of the case in the Court of Appeals. It is our duty simply to enforce the statute in the sense in which we understand it; and where the Legislature has fixed no limitation to the time in which the statement of facts may be made out, it is not our duty to prescribe one. Vide McMicken v. Reilly et al., 7 Martin (N. S.), 393, and 8 Martin (N. S.), 303.

The length of time, then, which elapsed between the trial and the sending up of the statement of facts constitutes no valid objection to their admission.

We are also of opinion that there is nothing in our law requiring the facts to be made out by the judge during the *term* time of the inferior court—and that the judge of the district court erred in not admitting the statement sent up in compliance with the mandamus, certified by the chief justice and one of his associates, on the ground that the same was made out during a vacation of the county court. We are not to be understood as regarding with approbation the neglect to procure a statement

v. Gajusky. But may appeal from denial of motion to set aside appointment. Arthur v. Reed, 26 T. C. A., 574.

**Note 4.**—Winfried v. Yates, p. 363.

Withdrawal of answer is a waiver of defects and confession of cause of action. Wescott v. Menard, Dal., 503; Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Prewitt v. Perry, 6 T., 260; Grier v. Powell, 14 T., 320; Story v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Goodlett v. Stamps, 29 T., 121; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Graves v. Cameron, 77 T., 273; Wheeler v. Roberts, 2 App. C., sec. 129. Withdrawal

---

of answer after demurrer is overruled does not amount to a confession. Frazier v. Todd, 4 T., 461; Janson v. Bank, 48 T., 599. The judgment must conform strictly with the cause of action alleged in the pleadings. Storey v. Nichols, 22 T., 87; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Wheeler v. Roberts, 2 App. C., sec. 129. Judgment nihil dicit partakes of nature of judgment by default and by confession, and is construed liberally in plaintiff's favor. Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Wheeler v. Pope, 5 T., 262; Storey v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Graves v. Cameron, 77 T., 273; Wheeler v. Roberts, 2 App. C., sec. 129.

**Note 5.**—Land Commissioners v. Bell, p 366.

Colonization law of March 25, 1825, repealed by law of April 28, 1832, and latter by law of March 26, 1834. Republic v. Inglish, Dal., 608; Creth v. Republic, 1 T., 83; Ferguson v. Johnson, 11 T. C. A., 413. The law of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), which provided that officers and soldiers who arrived in Texas after March 2, 1836, and prior to